UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARYSSA VEGA, an individual, | : | |
| Plaintiff, | : | Case No. 3:21-cv-00064 (CSH) |
| vs. | : | |
| BROWN ROOFING COMPANY, INC., a Connecticut Corporation, | : | |
| Defendant. | : | September 14, 2021 |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, Maryssa Vega ("Plaintiff"), along with the Defendant, Brown Roofing Company, Inc. ("Brown"), move the Court to approve the settlement reached between the parties and to dismiss the action with prejudice. The proposed settlement agreement is attached as **Exhibit A**.

1. The Plaintiff commenced this action by Complaint filed January 15, 2021, alleging that Brown failed to pay her wages, including overtime wages, under the Fair Labor Standards Act ("FLSA") and Connecticut's Minimum Wage Act, Conn. Gen. Stat. §§ 31-58 *et seq.* ("CMWA"). (Doc. 1). Plaintiff also sought relief under theories of unjust enrichment, breach of contract and made other statutory claims.

2. The settlement satisfies the criteria for approval of a Fair Labor Standards Act ("FLSA") settlement because it was reached after initial discovery and contested litigation and was the result of arm's-length settlement negotiations conducted by counsel well-versed in wage and hour law, with the assistance of United States Magistrate Judge Robert A. Richardson during a day long mediation.

3. The parties respectfully request that the Court: (1) approve as fair, adequate and reasonable the gross settlement of $147,500.00; (2) and approve Plaintiff's request for $49,147.65 in attorney's fees (representing one-third of the settlement fund of $147,500.00) plus costs; and (3) and enter a voluntary dismissal with prejudice.

4. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Aros v. United Rentals, Inc.*, Nos. 10 Civ. 83, 11 Civ. 1281, 11 Civ. 1282, 11 Civ. 1283, 11 Civ. 1284, 11 Civ. 1285, 2012 WL 3060470, at *2 (D.Conn. July 26, 2012); *Dixon v. Zabka*, No. 11 Civ. 982, 2013 WL 2391473, at *2 (D. Conn. May 23, 2013). If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

5. Plaintiff was represented by attorneys from a nationally recognized law firm that represents employees, and the parties conducted initial discovery. Brown defended the claims, with wage and hour records, and documentation of what it believed represented legally compensable time. The settlement amount is reasonable considering the uncertainty inherent in any trial and the potential risk of loss on the merits. Moreover, even if the Court entered judgment in favor of Plaintiff, there always remains the risk that Brown, who has already vigorously defended against these claims, will appeal the decision for the judgment to be overturned on appeal.

6. The settlement amount is also reasonable, based upon the length of time

covering Plaintiff's claims, the hours worked and the services performed.

7. The Plaintiff's attorney's fees are one-third of the gross settlement, an amount consistently deemed to be fair in FLSA cases. Courts in the Second Circuit have generally accepted as reasonable fees that represent no more than one-third of the total award. *See, e.g., Martinez v. Gulluoglu LLC*, 15-cv-2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) ("Barring unusual circumstances not present here, courts in this District have declined to award fees constituting more than one-third of the total settlement amount in an FLSA action."); *Thornhill v. CVS Pharmacy, Inc.*, 13-cv-5507 (JMF), 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (noting in FLSA action that courts in the Second Circuit "typically approve attorney's fees that range between 30 and 33 per cent").

**WHEREFORE**, For the reasons set forth above, Plaintiff and Brown respectfully request that the Court: (1) approve as fair, adequate and reasonable the parties' settlement; (2) approve the request for one-third of the settlement fund for attorneys' fees plus costs; and (3) accept the Joint Stipulation of Dismissal with Prejudice attached as **Exhibit B**.

| | |
|---|---|
| PLAINTIFF,<br>MARYSSA VEGA | DEFENDANT,<br>BROWN ROOFING COMPANY, INC. |
| By:   /s/ *Chiharu G. Sekino*<br>Chiharu G. Sekino<br>(Admitted *Pro Hac Vice*)<br>MILLER SHAH, LLP<br>1230 Columbia Street, Suite 1140<br>San Diego, CA 92101<br>Telephone: (619) 235-2416<br>Facsimile: (866) 300-7367<br>Email: cgsekino@millershah.com | By:   /s/ *Anthony R. Minchella*<br>Anthony R. Minchella (ct18890)<br>984 Southford Road, Suite 14<br>Middlebury CT 06762<br>P: (203) 758-1069<br>F: (203) 758-2074<br>aminchella@minchellalaw.com |

By:   /s/ *Laurie Rubinow*
    Laurie Rubinow (#27243)
    James E. Miller (#21560)
    MILLER SHAH, LLP
    65 Main Street
    Chester, CT 06412
    Telephone: (860) 526-1100
    Facsimile: (866) 300-7367
    Email: lrubinow@millershah.com
jemiller@millershah.com


By:   /s/ *Monique Olivier*
    Monique Olivier
    (Admitted *Pro Hac Vice*)
    OLIVIER SCHREIBER & CHAO LLP
    201 Filbert Street, Suite 201
    San Francisco, CA 94133
    Telephone: (415) 484-0980
    Email: monique@osclegal.com

**CERTIFICATION OF SERVICE**

       I hereby certify that on this 14th day of September, 2021, a copy of the foregoing, was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

       */s/ Anthony R. Minchella CT 18890*
       Anthony R. Minchella