# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is made and entered into by and between Maryssa N. Vega ("Vega") and Brown Roofing Company, Inc. ("Brown" or the "Company") (Vega and Brown shall collectively be referred to as the "Parties"), as follows:

**WHEREAS,** on January 15, 2021, Vega filed a Complaint in the United States District Court for the District of Connecticut, against Brown entitled *Maryssa Vega v. Brown Roofing Company, Inc.*, Case No. 3:21-cv-00064 (CSH) (the "Action");

**WHEREAS**, Brown denies all allegations by Vega of improper, illegal, discriminatory, or otherwise actionable conduct during her employment and/or as alleged in the Action;

**WHEREAS**, the Parties came to an agreement and desire to now resolve fully and finally any and all claims and disputes by Vega against the Releasees (identified below), including, but not limited to, the claims raised in the Action, claims that could have been raised in the Action, and any and all known and unknown claims arising out of her employment relationship with Brown, and;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained herein, the Parties hereto agree as follows:

1. <u>Consideration</u>. The Company shall issue two (2) checks that remit the total gross amount of One Hundred Forty Seven Thousand, Five Hundred Dollars and No Cents ($147,500.00) (the "Settlement Sum") to Vega and her counsel. The Settlement Sum shall be paid in the following manner:

    a) A check made payable to "Maryssa N. Vega" in the gross sum of <u>Ninety-Eight Thousand, Three Hundred and Fifty-Two Dollars and Thirty-Five Cents</u> ($98,352.35), less tax withholdings and other deductions as required by law for alleged lost wages. Vega shall provide Brown's counsel with an IRS Form W-4. The check shall be delivered to Maryssa N. Vega at 432 Wolcott Road, Wolcott, CT 06716 via overnight delivery. The Company shall issue a W-2 Form to Vega in connection with this payment.

    b) A check made payable to "<u>Miller Shah, LLP's Client Trust Account</u>" in the amount of <u>Forty-Nine Thousand, One Hundred and Forty-Seven Dollars and Sixty Five Cents</u> ($49,147.65) for alleged claims for attorneys' fees. <u>Miller Shah, LLP</u> shall provide Brown's counsel with an IRS form W-9. The check shall be delivered to Miller Shah, LLP at 65 Main Street, Chester, CT 06412 via overnight mail. The Company shall issue a Form 1099 to <u>Miller Shah, LLP</u> in connection with this payment.

The Company agrees to issue payment of the Settlement Sum within fourteen (14) days of the date: (i) Brown's counsel receives the Agreement bearing the date and signature of Vega; (ii) Brown's counsel receives an updated Employee's Withholding Allowance Certificate (IRS Form W-4) for Vega; (iii) Brown's counsel receives the fully-executed Request for the Taxpayer Identification Number and Certification (IRS Form W-9) for Miller Shah, LLP; and (iv) a Joint Stipulation of Dismissal pursuant to the Federal Rules of Civil Procedure dismissing the Action

with prejudice has been filed and approved by the Court under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d. Cir. 2015). The Parties agree and understand that if payment is not timely made, Vega will be permitted to move to reopen the judgment under Federal Rules of Civil Procedure, Rule 60(b) for failure to comply with the Agreement. In such case, Vega will be able to recover her reasonable attorneys' fees and costs incurred in enforcing this Agreement.

2. <u>Tax Indemnification</u>. Vega agrees that she has not relied on any advice from Brown or its attorneys, concerning whether payments made pursuant to this Agreement are taxable. Vega further agrees to indemnify and hold Brown harmless for any taxes, penalties, or interest that Brown may incur or may be liable to pay as the direct or indirect consequence of their failure to pay any taxes due or owing as a result of making the aforesaid payments. However, Vega will not indemnify Brown for any failure on the part of Brown to pay or accurately report the employer's share of payroll taxes.

3. <u>No Consideration Absent Execution of this Agreement</u>. Vega understands and agrees that she would not receive the monies specified in Paragraph 1 above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

4. <u>General Release of Claims</u>. In exchange for the Brown's promises under this Agreement, including the payments described in Paragraph 1, Vega, on behalf of herself as well as her heirs, executors, administrators, attorneys and assigns, knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, Brown, its current and former owners, affiliates, insurers, related entities, predecessors, successors, assigns, employees, officers, directors, attorneys, insurers, representatives and agents, individually and in their corporate capacities, and Brown's employee benefit plans, programs and arrangements, and their administrators, functionaries and fiduciaries (collectively referred to as the "Releasees"), of and from any and all claims, known and unknown, asserted and unasserted, which Vega has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of FLSA, ERISA, Title VII of the Civil Rights Act of 1964; and Medical Leave Act; Connecticut Fair Employment Practices Act, Connecticut Minimum Wage Act, Connecticut Pay Equity and Fairness Act, any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; any public policy, contract, tort, or common law; any allegation for costs, fees, or other expenses including attorneys' fees; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; any public policy, contract, tort, or common law; or any allegation for costs, fees, or other expenses including attorneys' fees.

5. <u>Claims Not Released</u>. Vega is not waiving any rights Vega may have to: (i) Vega's own vested accrued employee benefits under Brown's retirement benefit plans as of the date of execution of this Agreement; (ii) benefits or rights to seek benefits under applicable workers' compensation or unemployment insurance or indemnification statutes; (iii) pursue claims which by law cannot be waived by signing this Agreement; and (iv) enforce this Agreement.

6. <u>Affirmations</u>. Vega affirms that she has not filed or caused to be filed, and is not presently a party to, any claim, complaint, or action against any one or more of the Releasees in any forum or form, other than the Action. Vega further affirms that other than the consideration provided for herein, she is not entitled to and will not receive any additional compensation or benefits of any

kind from Brown in consideration for her release, promises, and covenants in this Agreement, and that no representations have been made to her regarding any such additional compensation or benefits. Vega further affirms that she has been paid, and/or has received all leave (paid or unpaid), compensation, wages, vacation pay, bonuses, commissions and/or benefits to which she may have been entitled from Brown through the date she executes this Agreement, including for all hours of work, including any and all overtime hours worked, and that no other leave (paid or unpaid), compensation, wages, vacation pay, bonuses, commissions, and/or benefits are due to her from Brown. Vega further affirms that she has no known workplace injuries or occupational diseases, and that she has been provided and/or has not been denied any leave to which she was entitled under any federal, state or local family/medical or disability leave law, or any other related state or local laws. Vega agrees further that the consideration contained in this Agreement encompasses all of the consideration for her release of any and all claims she may have had against Brown and that such claims are hereby irrevocably waived and released. Vega further affirms that she has not been retaliated against for reporting any allegations of wrongdoing by Brown or the Releasees. The parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. However, if Vega files such a charge or complaint, she shall not be entitled to recover, and waives her right to receive, any monetary or other individual remedy, to the extent permitted by law.

7. Confidentiality. The Parties agree not to disclose any information regarding the negotiation of this Agreement, however, nothing in this paragraph, or elsewhere in this Agreement or any other agreement or understanding between the Parties, is intended to prevent or prohibit Vega or Brown from making any disclosure of information required or expressly protected by law, including providing truthful testimony if required to do so by court order or legal or administrative process; or cooperating in any investigation brought by any federal, state or local regulatory or law enforcement agency or legislative body, or any self-regulatory organization. Vega and Brown expressly acknowledge that a violation of their obligations under this paragraph shall constitute a material breach of this Agreement.

8. Non-Disparagement. Vega agrees that she shall not, directly or indirectly, issue, nor participate in, any communication, written, verbal or otherwise, that disparages, criticizes, or otherwise reflects adversely upon Brown, its owners, officers, employees, or their services. Brown, its owner and officers, and Brown employees Barbara Collins, Edward Griffin, Pamela Davis, James McDermott, and Michael Goldberg, agree that they shall not directly or indirectly issue, nor participate in, any communication, written, verbal or otherwise, that disparages, criticizes, or otherwise reflects adversely upon Vega. It shall not be a violation of this paragraph if such communication is made as part of a disclosure of information required or expressly protected by law, including providing truthful testimony if required to do so by court order or legal or administrative process; or cooperating in any investigation brought by any federal, state or local regulatory or law enforcement agency or legislative body, or any self-regulatory organization.

9. Resolution of Disputed Wages. Vega acknowledges that, prior to or as a result of the Settlement Sum provided for in this Agreement, she has been paid any and all wages claimed to be due from Releasees, and that no other amounts are due to her from Releasees. Vega acknowledges that the Settlement Sum she is receiving is to settle a *bona fide* dispute between the

3

Parties as to the existence and amount of any such claims. Vega represents and agrees that the Settlement Sum she is receiving covers in full, any wages, damages, injuries, penalties, interest, expenses, fees (including attorney's fees) that she claims to be owed, directly or indirectly.

10.  **Medicare**.  Vega warrants and represents that she is not a Medicare beneficiary as of the date of this Agreement and Release.  Because she is not a Medicare recipient as of the date of this Agreement and Release, no conditional payments have been made by Medicare.  This settlement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b).  The Parties resolved this matter in compliance with both state and federal law.  The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

11.  **No Re-Employment**.  Vega agrees that her employment relationship with Brown has been permanently and irrevocably severed, and that Brown and the Releasees have no obligation, contractual or otherwise, to hire, re-hire, or re-employ her in the future, and Vega agrees not to re-apply for employment with the Company or the Releasees.  Vega agrees that this Agreement constitutes sufficient good cause and reason to deny any employment application.

12.  **Neutral Verbal Reference**.  If Vega identifies Brown to a potential employer as a former employer, she agrees she will direct that potential employer to contact only Barbara Collins at (203) 723-1372 as the individual to respond to any job-related inquiry.  Vega authorizes Ms. Collins to respond to any such inquiry by stating only that Vega worked for Brown as Call Center Manager, Production Manager, and Project Manager, and provide her dates of employment.

13.  **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the State of Connecticut without regard to its conflict of laws provision.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

14.  **Non-Admission of Wrongdoing**.  The Parties agree that neither this Agreement nor the furnishing of the consideration under this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

15.  **Amendment**.  This Agreement may not be modified, altered, or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

16.  **Entire Agreement**.  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.  Vega acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

17.  **Counterparts**.  This Agreement may be executed in any number of counterparts and with facsimile signatures, with the same effect as if all of the parties hereto had signed the same document.  All counterparts shall be construed together and shall constitute one agreement.

**VEGA WARRANTS THAT SHE HAS READ THIS AGREEMENT AND THAT SHE UNDERSTANDS THIS AGREEMENT, AND FREELY AND KNOWINGLY ENTERS INTO THIS AGREEMENT.**

Dated: 9/13/21                                 *[signature]*
                                               **MARYSSA N. VEGA**

Dated: _____                          By_____
                                               **BROWN ROOFING COMPANY, INC.**
                                               By:

VEGA WARRANTS THAT SHE HAS READ THIS AGREEMENT AND THAT SHE UNDERSTANDS THIS AGREEMENT, AND FREELY AND KNOWINGLY ENTERS INTO THIS AGREEMENT.

Dated: _____

                                                                    _____
                                                                    MARYSSA N. VEGA

Dated: 9-14-21                                          By /s/ _____
                                                                    BROWN ROOFING COMPANY, INC.
                                                                    By: